**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*1:28 pm, Aug 22, 2025*
**JEFFREY P. COLWELL, CLERK**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Robert Anthony Hanson, Jr.
Stephanie Baldyga Self, Sui Juris,
Plaintiffs,

v.

Nest Home Lending LLC (f/k/a Oakwood Home Lending, LLC),
Rocket Mortgage, LLC (f/k/a Quicken Loans, Inc.),
Mortgage Electronic Registration Systems, Inc. ("MERS"),
Defendants.

Case No. 1:25-cv-2599

## PLAINTIFFS' MOTION TO DISQUALIFY DEFENSE COUNSEL FOR MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC ("MERS")

### I. INTRODUCTION

Plaintiffs respectfully move this Court to disqualify defense counsel from simultaneously

representing **Rocket Mortgage LLC** and **Mortgage Electronic Registration Systems, Inc.**

**("MERS")** in this action.

Joint representation of these entities creates an inherent and incurable **conflict of interest** in

violation of the ABA Model Rules of Professional Conduct (adopted in this District), undermines

the integrity of the proceedings, and prejudices Plaintiffs' ability to fairly litigate their claims.

## II. LEGAL STANDARD

Federal courts have inherent authority to disqualify counsel to protect the integrity of judicial proceedings. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980).

The District of Colorado applies the **Colorado Rules of Professional Conduct** as adopted by the Colorado Supreme Court, guided by the ABA Model Rules. D.C.COLO.LAttyR 2(a). Under **Model Rule 1.7(a)** (and Colo. RPC 1.7), a lawyer may not represent clients with directly adverse or materially limited interests absent informed written consent.

The Tenth Circuit has held that disqualification is warranted where concurrent representation creates "an appearance of impropriety" or "divided loyalties." *Weeks v. Independent Sch. Dist. No. I-89*, 230 F.3d 1201, 1212 (10th Cir. 2000).

## III. ARGUMENT

### A. MERS and Rocket Mortgage Have Conflicting Interests

MERS and Rocket Mortgage are not aligned but adverse in key respects:

- **Ownership & Standing**: MERS expressly disclaims beneficial ownership of notes, while Rocket Mortgage claims enforcement rights.

- **Assignments & Validity**: MERS' purported role as nominee conflicts with Rocket's assertion that it is the real party in interest. If assignments are defective, liability may fall on MERS, while Rocket's claimed holder status collapses.
- **Chain of Custody**: Evidence challenges whether Rocket possesses a validly endorsed note, directly calling into question MERS' authority to transfer interests.

These conflicts are not speculative—they go to the **core issue of title and enforceability** in this case.

## B. Joint Representation Violates Ethical Rules

Joint representation materially limits counsel's ability to advocate for either client. Vigorous defense of Rocket's claim to enforcement necessarily implicates MERS' liability for defective assignments.

- *Westinghouse Elec. Corp. v. Kerr-McGee Corp.*, 580 F.2d 1311, 1319 (7th Cir. 1978) (disqualification required where representation of multiple clients created "divided loyalties").
- *Fiandaca v. Cunningham*, 827 F.2d 825, 829 (1st Cir. 1987) (conflict exists where one client's interests may become antagonistic to another's).
- *Fund of Funds, Ltd. v. Arthur Andersen & Co.*, 567 F.2d 225, 233 (2d Cir. 1977) (counsel cannot represent one client in attacking another client's position in the same litigation).

Here, defense counsel is effectively representing both the **assignor (MERS)** and the **assignee/enforcer (Rocket Mortgage)**—an irreconcilable conflict in the context of a quiet title action.

## C. The Integrity of the Proceedings Requires Disqualification

Allowing conflicted representation undermines judicial integrity and risks reversible error.
Courts in this District have disqualified counsel to preserve fairness and protect the appearance
of impartiality. *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1384 (10th Cir. 1994) (court must
consider "the need to maintain public confidence in the legal profession and the integrity of the
judicial process").

## IV. REQUEST FOR RELIEF

For the reasons stated above, Plaintiffs respectfully request that this Court:

1. Disqualify defense counsel from representing both Rocket Mortgage LLC and Mortgage
   Electronic Registration Systems, Inc.
2. Require Defendants to obtain independent counsel for each entity; and
3. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ Stephanie Baldyga Self, Sui Juris
/s/ Robert Anthony Hanson, Jr.

*This document was not constructed
with the assistance of AI. *

Respectfully submitted,

Date: August 22nd, 2025

/s/ Stephanie Baldyga
Plaintiff, pro se
635 Bennett Avenue
Bennett, Colorado 80102
303-472-1268
Highpriestessservices@gmail.com