IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02599-GPG-KAS

ROBERT ANTHONY HANSON, JR.; and
STEPHANIE BALDYGA,

    Plaintiffs,

v.

NEST HOME LENDING, LLC, formerly known as Oakwood Home Lending, LLC;
ROCKET MORTGAGE, LLC, formerly known as Quicken Loans, Inc.; and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., "MERS" as nominee for
the original lender and its successors and assigns,

    Defendants.
_____

**ORDER TO SHOW CAUSE**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiffs' **Complaint** [#4],[1] Plaintiffs' **Motion to Disqualify Defense Counsel** [#12] (the "Motion to Disqualify"), Plaintiffs' **Motion to Remand to Denver District Court, Denver County, Colorado** [#13] (the "Motion to Remand"), Plaintiffs' **Motion for Declaratory Judgment** [#15], Plaintiffs' **Response to Defendant Nest Home Lending, LLC's Motion to Dismiss** [#21] and Plaintiffs' **Amended Response to Defendant MERS' Motion to Dismiss** [#24]. The Court has reviewed these documents in exhaustive detail. Upon review, the Court is deeply troubled by Plaintiffs' filings because there are defective citations to case law and statutory law littered throughout. These defects include (1) misattributed or inaccurately quoted

---

[1] "[#4]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

language from cases, (2) misrepresentations of legal concepts associated with the cited cases, including discussions of legal principles that are entirely absent from such decisions, and, most concerningly, (3) citations to cases that do not exist.

### A.     Fed. R. Civ. P. 11

Rule 11(b) operates to thwart litigation misconduct by requiring attorneys and pro se litigants to certify that they have "read the document, [have] conducted a reasonable inquiry into the facts and the law and [are] satisfied that the document is well grounded in both, and is acting without any improper motive." *See Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 495 (D. Wyo. 2025) (quoting *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 542 (1991)). Specifically, Rule 11(b)(2) requires "an attorney or unrepresented party" to certify that "the claims, defenses, and other legal contentions are warranted by existing law[.]" FED. R. CIV. P. 11(b)(2). "Courts across the country . . . recognize that Rule 11 applies to the use of artificial intelligence." *Coomer v. Lindell*, No. 22-cv-01129-NYW-SBP, 2025 WL 1865282, at *3 (D. Colo. July 7, 2025). The submission of legal argument premised wholly on nonexistent law generated by artificial intelligence is a flagrant Rule 11 violation. *See Wadsworth*, 348 F.R.D. at 495 ("[U]sing a fake opinion to support an argument is a violation of Rule 11(b)(2).").

Failure to comply with Rule 11(b) can result in the imposition of sanctions. *See* FED. R. CIV. P. 11(b)-(c). Like practicing attorneys, pro se litigants can be subject to Rule 11 sanctions. *See Ferris v. Amazon.com Servs., LLC*, 778 F. Supp. 3d 879, 882 (N.D. Miss. 2025) (sanctioning pro se litigant for submitting false citations in court filings and requiring litigant to pay costs incurred by the defendant). A court may sanction a litigant sua sponte for violating Rule 11(b), provided that certain procedures are followed.

Namely, a court can "issu[e] a show cause order specifically describing the conduct implicating the rule, followed by a reasonable opportunity for the party/attorney so advised to demonstrate how [he] has not violated the rule." *Hutchinson v. Pfeil*, 208 F.3d 1180, 1184 (10th Cir. 2000).

To impose Rule 11 sanctions, a court must first find that a court filing violates Rule 11. *Collins v. Daniels*, 916 F.3d 1302, 1319 (10th Cir. 2019). To avoid sanctions, a litigant's conduct must be objectively reasonable. *Id.* at 1320 (citing *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988)). A court may consider a litigant's pro se status when determining whether to impose Rule 11 sanctions, but the objective reasonableness standard "applies whether the person against whom sanctions are sought is an attorney, a pro se litigant, or both." *McCormick v. City of Lawrence*, 218 F.R.D. 687, 690 (D. Kan. 2003) (citing *Wesley v. Don Stein Buick, Inc.*, 184 F.R.D. 376, 378 (D. Kan. 1998)).

**B.    Plaintiffs' Conduct**

Plaintiffs appear to have used generative artificial intelligence ("AI") to prepare many, if not all, of their filings in this matter. As a result, their filings are rife with citations to nonexistent cases, misstatements of legal principles based on these cases, and improperly quoted material from legitimate cases. For Plaintiffs' own benefit, the Court will illustrate most, but not all, of this misconduct. For example, in Plaintiffs' Complaint [#4], they cite *Reagan v. Investors Mtg. Co.*, 977 P.2d 299 (Colo. App. 1999). *See Compl.* [#4] at 4. No such case exists. In fact, when the reporter citation is searched in Westlaw, *State v. Maier*, a case from the Supreme Court of Montana, appears. Plaintiffs further cite to *In re Medina*, 2012 WL 1368983 (Bankr. D. Colo.). *Id.* This citation, too, garners zero results from Westlaw and Google. In Plaintiffs' Motion to Disqualify [#12], they include

3

quoted material from *Weeks v. Independent Sch. Dist. No I-89*, 230 F.3d 1201, 1212 (10th Cir. 2000). *Motion* [#12] at 2. The quoted language is absent from that opinion. Furthermore, Plaintiffs cite to and quote from *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1384 (10th Cir. 1994). *Id.* at 4. The quoted material is not present in that opinion. Ironically, at the conclusion of their Motion to Disqualify [#12], Plaintiffs note with an asterisk that it "was not constructed with the assistance of AI." *Id.* at 4. In their Motion to Remand [#13], Plaintiffs cite to *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997), and include parenthetical language which states "quiet title and foreclosure disputes arise under state law and are not removable absent a substantial federal question." *Motion to Remand* [#13] at 3. By including this parenthetical language immediately after the case citation, Plaintiffs appear to attribute that statement of law to that case. However, *Easton* did not at all address the issue of remanding actions involving quiet title or foreclosure disputes.

In their Motion for Declaratory Judgment [#15], Plaintiffs cite *Koon v. Barmettler*, 301 P.2d 713 (1956), for the proposition that a declaratory judgment is appropriate to resolve quiet title actions. *See Motion* [#15] at 2. *Koon* did not at all address this. In fact, *Koon* involved a breach of contract dispute, and the question before the court was whether a county court had exclusive jurisdiction to hear probate claims. *See Koon v. Barmettler*, 301 P.2d 713, 715, 716 (Colo. 1956). Plaintiffs further cite *People ex rel. State Bd. of Equalization v. Hively*, 336 P.2d 721 (1959), for the proposition that a court may grant declaratory relief to "settle rights where clarity of ownership is essential." *See Motion* [#15] at 4. *Hively* stands for no such proposition.

4

Furthermore, in their Response [#21] to Defendant Nest Home Lending's Motion to Dismiss [#19], Plaintiffs cite to Colo. Rev. Stat. § 38-41-201 to support their argument that a "quiet title action requires all parties 'who may claim any interest' in the property to be joined." *Response* [#21] at 2. The cited statute, however, pertains to homestead exemptions and has no relation to quiet title actions. *See* Colo. Rev. Stat. § 38-41-201. They next cite *First Nat'l Bank of Greeley v. Conway*, 34 Colo. 372, 83 P. 361 (1905). *Id.* at 2-3. This case does not exist. Additionally, there is a cite to an apparent Texas Court of Appeals decision, *Hendricks v. Bank of America, N.A.*, 408 S.W.3d 688 (Tex. App. 2013). *Id.* at 3. This case does not exist. There is a decision from the Ninth Circuit, with the citation *Hendricks v. Bank of America, N.A*., 408 F.3d 1127 (9th Cir. 2005), but this opinion comes nowhere close to supporting the proposition for which Plaintiffs cite it. Plaintiffs then rely on *Goodman v. Heritage Savings & Loan Ass'n*, 390 P.2d 712 (Colo. 1964). *Id.* at 4. This case does not exist. Finally, they refer to *In re Veal*, 450 B.R. 897, 917-18 (9th Cir. BAP 2011), to support their argument that the National Bank Act and "related regulations" do not exempt Defendants from complying with state real property recording requirements. *Id.* While *In re Veal* indeed exists, it makes no reference to the National Bank Act, nor does it discuss real property recording requirements. Perhaps most concerning is that Defendant MERS put Plaintiffs on notice that their pleadings contained hallucinated citations. *See Motion to Dismiss* [#22] at 5. Nevertheless, Plaintiffs paid no mind to that warning, as evidenced by the numerous false citations included in their subsequent Response [#24].

The Court acknowledges the increased use of AI in the legal sphere. While powerful and convenient, at this juncture, generative AI is incapable of distinguishing

5

between legitimate precedent and fabricated legal fiction. *Mid Cent. Operating Eng'rs Health & Welfare Fund v. HoosierVac LLC*, No. 2:24-cv-00326-JPH-MJD, 2025 WL 574234, at *4 (S.D. Ind. Feb. 21, 2025) (noting that "the use of artificial intelligence must be accompanied by the application of actual intelligence in its execution."). This is evidenced by the rising number of courts forced to address situations where parties rely on nonexistent case law to support their legal arguments. *See generally Seither & Cherry Quad Cities, Inc. v. Oakland Automation, LLC*, Nos. 23-11310 & 23-11342, 2025 WL 2105286, at *2 (E.D. Mich. July 28, 2025); *Ferris*, 778 F. Supp. 3d at 880-82; *O'Brien v. Flick*, No. 24-61529-CIV-DAMIAN, 2025 WL 242924, at *7-8 (S.D. Fla. Jan. 10, 2025) (dismissing pro se plaintiff's case without prejudice based in part on plaintiff's repeated use of nonexistent legal authority).

The Court will not tolerate pleadings riddled with hallucinated citations masquerading as legitimate legal authority. This conduct undermines the integrity of the judicial process and disrespects and wastes the Court's and Defendants' time and resources. *See Ferris*, 778 F. Supp. 3d at 880 ("Courts exist to decide controversies fairly, in accordance with the law. This function is undermined when litigants using AI persistently misrepresent the law to the courts."). The Court recognizes that Plaintiffs proceed in this matter pro se. However, this does not excuse such reckless conduct, as pro se litigants are subject to the same rules governing practicing attorneys. *See United States v. Distefano*, 279 F.3d 1241, 1245 (10th Cir. 2002) ("[L]itigants proceeding pro se are held to the same procedural standards as those with counsel."); *Parker v. Ritter*, No. 08-cv-00737-MSK-KLM, 2010 WL 1213089, at *1 n.1 (D. Colo. Mar. 25, 2010) ("[P]ro

se status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law[.]").

The Court does not issue this show cause order lightly. The Court is disturbed by Plaintiffs' repeated use of fabricated legal citations and misrepresentations of law—despite at least one express representation that the "document was not constructed with the assistance of AI." *Motion to Disqualify* [#12] at 4. Nonetheless, Plaintiffs must be given an opportunity to explain themselves. *Cf. Hutchinson*, 208 F.3d at 1184 (stating that noncompliance with the procedural protections of Rule 11(c) was an abuse of discretion requiring reversal).

**C.   Conclusion**

Based on the foregoing,

IT IS HEREBY **ORDERED** that on or before **November 7, 2025**, Plaintiffs shall **SHOW CAUSE,** in writing, why their litigation conduct described above has not violated Rule 11(b). Again, that litigation conduct consists of citing to cases that do not exist; misrepresenting quoted material from cases that do not appear in those decisions; and misrepresenting legal propositions associated with the cited cases. Further, Plaintiffs shall specifically address how they located the legal authority cited in their various pleadings and what efforts, if any, they undertook to confirm the accuracy of such authority. **Plaintiffs are warned that failure to respond to this Order to Show Cause will result in the Court recommending sanctions pursuant to Fed. R. Civ. P. 11(c), potentially including an order to pay a penalty into court, a recommendation to impose filing restrictions, and a recommendation to dismiss some or all Plaintiffs' claims.**

Dated: October 17, 2025　　　　　　　　　　　BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge