IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02599-GPG-KAS

ROBERT ANTHONY HANSON, JR.; and
STEPHANIE BALDYGA,

    Plaintiffs,

v.

NEST HOME LENDING, LLC, formerly known as Oakwood Home Lending, LLC;
ROCKET MORTGAGE, LLC, formerly known as Quicken Loans, Inc.; and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., "MERS" as nominee for
the original lender and its successors and assigns,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on the Court's **Order to Show Cause** [#41], issued on October 17, 2025. The Order to Show Cause [#41] was issued because, upon the Court's review of Plaintiffs' various filings, the Court determined that several of Plaintiffs' filings included fabricated legal authority. *See Order to Show Cause* [#41]. The Court ordered Plaintiffs to respond, in writing, to the Order to Show Cause [#41] by November 7, 2025. Plaintiffs filed their Response [#43] on November 4, 2025. For the reasons set forth below, the Court hereby **RECOMMENDS** Plaintiffs be **SANCTIONED** and the Order to Show Cause [#41] be **MADE ABSOLUTE**.

**I.  Background**

    Plaintiffs filed this lawsuit on July 23, 2025, in the Denver District Court. *See State Court Complaint* [#1-1]. Defendants timely removed the case to this Court on August 19,

2025. *See Notice of Removal* [#1]. Following removal, Plaintiffs have filed numerous motions requesting varying forms of relief. *See Motion to Disqualify Counsel* [#12]; *Motion to Remand* [#13]; *Motion for Declaratory Judgment* [#15]. Defendants filed Motions to Dismiss [#19, #22], and Plaintiffs filed Responses [#21, #24]. The Court discovered numerous hallucinated citations contained in Plaintiffs' various pleadings, motions, and responses. Consequently, the Court issued a detailed Order to Show Cause [#41], explaining this troubling conduct. *See Order to Show Cause* [#41]. The Court ordered Plaintiffs to respond with an explanation as to why their litigation conduct does not violate Rule 11(b) of the Federal Rules of Civil Procedure. *Id.* at 7. The Court further ordered Plaintiffs to "specifically address how they located the legal authority cited in their various pleadings and what efforts, if any, they undertook to confirm the accuracy of such authority." *Id.* The Court provided notice to Plaintiffs of the potential for sanctions. *Id.* Plaintiffs timely filed a Response [#43]. In it, they contend that they did not act in bad faith and had no knowledge that their filings contained hallucinated case law. *Response* [#43] at 1-3. They explain that these errors are traceable to "secondary research sources and online legal summaries[.]" *Id.* at 3. In essence, they argue that their ignorance of the law should free them from the consequences of Rule 11.

## II. Analysis

### A.   Prerequisites to the Imposition of Rule 11 Sanctions

"[Rule 11(c)] prescribe[s] a procedure to be followed when the district court imposes any Rule 11 sanction on its own initiative: issuance of a show cause order specifically describing the conduct implicating the rule, followed by a reasonable opportunity for the party/attorney so advised to demonstrate how she has not violated the

2

rule." *Hutchinson v. Pfeil*, 208 F.3d 1180, 1184 (10th Cir. 2000). A hearing is not required, so long as the litigant is given notice and an opportunity to respond. *See Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1160 (10th Cir. 1991). An unresolved split exists regarding "whether a magistrate judge may only recommend Rule 11 sanctions under § 636(b)(1)(B) . . . or may actually order such sanctions as a nondispositive pretrial matter under § 636(b)(1)(A)[.]" *Hutchinson*, 208 F.3d at 1184 n.7. Some courts have taken the approach that 28 U.S.C. § 636(b)(1)(A) permits magistrate judges to issue orders on Rule 11 nondispositive sanctions. *See Carlson v. Town of Mountain Vill.*, No. 17-cv-02887-PAB-STV, 2019 WL 5819971, at *1 n.1 (D. Colo. Nov. 7, 2019) (issuing an order, rather than a recommendation, on a party's Rule 11 motion because the imposed sanctions were nondispositive). While the recommended sanctions addressed in Section B.2 below are nondispositive in nature, the Court proceeds by recommendation out of an abundance of caution in light of this unresolved question.

The notice and opportunity to be heard requirements—necessary prerequisites before levelling Rule 11 sanctions—have been satisfied. The Court provided notice to Plaintiffs of their improper pleading conduct by describing that conduct in exhaustive detail. *See Order to Show Cause* [#41]. At that time, the Court gave Plaintiffs an opportunity to be heard by allowing them to respond, in writing, to the Court's Order to Show Cause [#41]. Plaintiffs availed themselves of that opportunity. *See Response* [#43]. Therefore, the due process requirements have been met.

**B.     Sanctions Analysis**

To determine whether sanctions are warranted, a court must conduct a two-step inquiry. *See Adamson v. Bowen*, 855 F.2d 668, 672 (10th Cir. 1988). First, the court must

3

find that a Rule 11 violation occurred. *Id.* If so, it must next determine the appropriate sanction. *Id.* The court may enter an order memorializing its decision to reject or impose sanctions. *Dehghani v. Castro*, 782 F. Supp. 3d 1051, 1061 (D.N.M. 2025) (quotations and citation omitted).

1. **Whether a Rule 11 Violation Occurred**

Regarding the first prong of the inquiry, the Court must determine whether Plaintiffs violated Rule 11. *Collins v. Daniels*, 916 F.3d 1302, 1319 (10th Cir. 2019). To avoid sanctions, a litigant's conduct must be objectively reasonable. *Id.* at 1320 (citing *Adamson*, 855 F.2d at 673). The objective reasonableness standard "applies whether the person against whom sanctions are sought is an attorney, a pro se litigant, or both." *McCormick v. City of Lawrence, Kan.*, 218 F.R.D. 687, 690 (D. Kan. 2003) (citing *Wesley v. Don Stein Buick, Inc.*, 184 F.R.D. 376, 378 (D. Kan. 1998)). Importantly for purposes here, "the Court has inherent authority to sanction the misuse of AI when it affects the Court's docket, case disposition, and ruling." *Versant Funding LLC v. Teras Breakbulk Ocean Navigation Enters., LLC*, No. 17-cv-81140, 2025 WL 1440351, at *3 (S.D. Fla. May 20, 2025).

The case law is clear: "using a fake opinion to support an argument is a violation of Rule 11(b)(2)." *Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 495 (D. Wyo. Feb. 24, 2025); *see also Coomer v. Lindell*, No. 22-cv-01129-NYW-SBP, 2025 WL 1865282, at *8 (D. Colo. July 7, 2025). This is because "many harms flow from such deception—including wasting the opposing party's time and money, the Court's time and resources, and reputational harms to the legal system[.]" *Morgan v. Cmty. Against Violence*, No. 23-cv-353-WPJ/JMR, 2023 WL 6976510, at *8 (D.N.M. Oct. 23, 2023). Such conduct is simply

4

"an abuse of the adversary system." *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023).

In their Response [#43] to the Order to Show Cause [#41], Plaintiffs explain that "they did not act in bad faith, did not intend to mislead the Court, and did not knowingly cite false or fabricated legal authority." *Response* [#43] at 1. They further explain that "[a]ny citation errors in prior pleadings were inadvertent and traceable to secondary research sources and online legal summaries" and these errors "arose from reliance on publicly available online legal research tools . . . that contained inaccurate case references." *Id.* at 2-3. Ultimately, their position is that this conduct was an "honest mistake" and that, at all relevant times, they acted in good faith. *See id.* at 3.

However, good faith is insufficient to avoid Rule 11. *Williams v. Denmar LLC*, No. 21-cv-01431-DDD-NRN, 2022 WL 15517045, at *4 (D. Colo. Oct. 27, 2022); 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1335 (4th ed. Sept. 2025 update) ("[C]ourts have regarded the presence of good faith as insufficient to excuse what otherwise is a violation of one of the duties imposed by Rule 11."). Thus, the imposition of sanctions does not turn on Plaintiffs' subjective intentions. *See Dehghani*, 782 F. Supp. 3d at 1059 ("[T]he standard under Rule 11 is one of objective reasonableness—the imposition of sanctions does not require a finding of subjective bad faith[.]"); *see also United States v. McGee*, No. 1:24-cr-112-TFM, No. 1:24-cr-113-TFM, 2025 WL 2888065, at *2, 9 (S.D. Ala. Oct. 10, 2025) (imposing sanctions despite attorney's admission that his citations to fabricated legal authority were "an honest mistake"). Indeed, most litigants who are sanctioned for citing to fake case law did not intend to do so, nor were they aware of such defective citations. Every party appearing

5

before this Court is expected to be truthful and to always exercise basic diligence, regardless of legal training. Upon review of the Response [#43] and Plaintiffs' tainted filings—which are rife with inaccurate, unverified, and nonexistent law—the Court finds that Plaintiffs' conduct is not objectively reasonable under the circumstances.

Further, Plaintiffs' Response [#43] is inadequate and further proves to the Court that they failed to comply with Rule 11. At the outset, the Court notes that the bulk of the 17-page Response [#43] involves Plaintiffs providing "corrected" citations to support their previous filings. *See Response* [#43] at 4-17. Plaintiffs' Response [#43] includes very little effort to meaningfully address the issues presented in the Order to Show Cause [#41]. While the Court acknowledges Plaintiffs' attempt to take corrective action, the damage has already been done, and these curative measures do not operate to allow Plaintiffs to start anew without repercussion. Moreover, Fed. R. Civ. P. 11(b) requires parties—even pro se litigants—presenting a pleading, motion, or other paper to the court, to certify their "claims, defenses, and other legal contentions are warranted by existing law." FED. R. CIV. P. 11(b)(2). Rather than affirmatively verify the accuracy of their cited case law, Plaintiffs instead relied on outside sources to get it right for them. *Response* [#43] at 1-2. Though the Court ordered Plaintiffs to explain "what efforts, if any, they undertook to confirm the accuracy" of their cited authority, they did not explain these efforts in their Response [#43]. *See Order to Show Cause* [#41] at 7; *Response* [#43]. This silence speaks for itself. *See Thomas v. Pangburn*, CV423-046, 2023 WL 9425765, at *4-5, 7 (S.D. Ga. Oct. 6, 2023) (finding pro se plaintiff's response to order to show cause inadequate for failing to fully respond and recommending dismissal as sanction), *report and recommendation adopted by* 2024 WL 329957 (S.D. Ga. Jan. 29, 2024).

6

Plaintiffs were put on notice of the hallucinated citations contained in their Complaint [#1] yet they continued to file documents containing fake case law. *See Motion to Dismiss* [#22] at 5 (noting that Plaintiffs' Complaint [#1] appears to contain hallucinated citations). The fact that Plaintiffs were aware of this improper conduct yet disregarded that warning and took no corrective action supports the Court's finding of a Rule 11 violation. *See Ferris v. Amazon.com Servs., Inc., LLC*, 778 F. Supp. 3d 879, 881 (N.D. Miss. 2025) (finding Rule 11 violation where pro se plaintiff included fake citations in his complaint and in his subsequent filings despite being put on notice by the defendant); *Gauthier v. Goodyear Tire & Rubber Co.*, No. 1:23-CV-281, 2024 WL 4882651, at *3 (E.D. Tex. Nov. 25, 2024) (emphasizing counsel's failure to withdraw defective filings or otherwise take corrective action upon receiving notice of hallucinated citations from opposing counsel).

Perhaps most troubling, and even more reason to find that Plaintiffs violated Rule 11, is that their Response [#43] continues to cite to incorrect law. While the cases cited by Plaintiffs in their Response [#43] do exist, the propositions for which they are cited are quite off base. For example, Plaintiffs cite to *Ferris*, noting that the court there "declin[ed] to impose sanctions where litigant corrected citation issues and acted in good faith." *See Response* [#43] at 3. That is wrong. First, there is nothing in that opinion noting that the violating litigant took any corrective measures. Second, the court did, in fact, find a Rule 11 violation based on the pro se litigant's citation to nonexistent legal authority and required him to pay monetary sanctions. *See Ferris*, 778 F. Supp. 3d at 882. Additionally, Plaintiffs cite to *Sanders v. Roselawn Memorial Gardens, Inc.*, for the proposition that *Colorado* courts recognize that a quiet title action must include all indispensable parties

7

whose rights may be affected. *See Response* [#43] at 10-11 (emphasis added). However, *Sanders* is a case from the Supreme Court of Appeals of West Virginia—it is not a Colorado case and therefore does not reflect binding Colorado law. *See generally Sanders v. Roselawn Mem'l Gardens, Inc.*, 159 S.E.2d 784 (W. Va. 1968). Moreover, *Sanders* primarily addressed whether the owner of a servient estate may grant successive right-of-way easements covering the same tract of land to multiple people. *Id.* at 797. It did not address what parties are indispensable to a quiet title action.

Plaintiffs' pleading conduct has wasted too much of this Court's time. It required the Court to spend valuable time verifying each citation, attempting to locate the cited authority on every conceivable legal research platform, and determining whether that authority is genuine or fabricated. Moreover, it forced the Court to spend precious time drafting its Order to Show Cause [#41] and now, the instant Order. This, in turn, has diverted the Court's resources from resolving the issues in this case and the many other cases the Court has on its docket. Plaintiffs' pleading conduct has also wasted Defendants' time and money. Defendants have been forced to respond to filings that are not based in law, thereby diverting their attention from other matters and further draining their funds. The adversary system is not intended to function in this way. The path to a just outcome relies on truth; fabricated citations obscure that path. In conclusion, the Court finds that Plaintiffs' incessant citations to nonexistent and inaccurate case law constitutes a flagrant Rule 11 violation.

### 2. Determining Appropriate Sanctions

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any

8

attorney, law firm, or party that violated the rule or is responsible for the violation." FED. R. CIV. P. 11(c)(1). Having found a Rule 11 violation, the Court next determines the most appropriate sanction to deter future misconduct. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) ("[T]he central purpose of Rule 11 is to deter baseless filings in district court[.]").

In many hallucinated citation cases, courts impose monetary sanctions. *See*, *e.g.*, *Wadsworth*, 348 F.R.D. at 499 (imposing $1,000 and $3,000 fines on sanctioned attorneys); *Ferris*, 778 F. Supp. 3d at 882 (requiring pro se plaintiff to pay opposing party's costs). Other courts have taken more creative and novel routes, such as ordering litigants to attend trainings on the use of artificial intelligence or to send letters to judges who were falsely identified as the authors of the fake opinions. *See*, *e.g.*, *Versant Funding LLC*, 2025 WL 1440351, at *7 (requiring attorneys to attend CLE trainings); *Mata*, 678 F. Supp. 3d at 466 (requiring letters be sent to judges who were wrongfully implicated in false citations). Some courts have found dismissal to be an appropriate sanction. *See*, *e.g.*, *O'Brien v. Flick*, No. 24-61529-CIV-DAMIAN, 2025 WL 242924, at *5-7 (S.D. Fla. Jan. 10, 2025) (finding that dismissal of pro se plaintiff's case was warranted based on his misrepresentations to the court). Thus, a broad range of possible sanctions exists.

The Court is cognizant that, in many of these cases, the violating actors are licensed attorneys. Though Plaintiffs' pro se status does not confer upon them a license to flout the law, the Court considers that pro se status for purposes of imposing sanctions. *See Rasmussen v. Burnett*, No. 24-cv-01727-SKC-KAS, 2025 WL 808364, at *2 (D. Colo. Mar. 12, 2025) ("A court may consider a litigant's pro se status when determining whether to impose Rule 11 sanctions[.]"). Ultimately, however, while courts "make some

9

allowances for [a] pro se plaintiff's failure to cite to proper legal authority, courts [cannot] excuse the use of fabricated or misleading authorities." *Tomlin v. New Mexico*, No. CIV 24-1163 JB/GBW, 2025 WL 2784906, at *15 (D.N.M. Sept. 30, 2025) (internal quotations, brackets, and emphasis omitted).

For purposes of determining sanctions, the Court considers Plaintiffs' pro se status, their pleading conduct, their failure to take corrective action once notified of their conduct, their half-hearted effort to explain this conduct in their Response [#43], and the inaccurate case law cited in their Response [#43]. Taking all relevant factors into consideration, the Court finds that nonmonetary sanctions are warranted at this time. First, "[t]he record must reflect the truth before the Court may apply the law." *Mattox v. Prod. Innovations Rsch., LLC*, No. 6:24-cv-235-JAR, 2025 WL 3012828, at *9 (E.D. Okla. Oct. 22, 2025). Here, it does not. Plaintiffs' hallucinated citation-laden filings taint the docket. Plaintiffs could have withdrawn their filings upon notice of their conduct on multiple occasions but did not. Therefore, the Court **recommends** that all problematic filings identified in its Order to Show Cause [#41] as containing fabricated citations be stricken to "wipe[] the slate clean[.]" *See id.* at *9 (striking filings containing fabricated citations); *see also Malone-Bey v. Lauderdale Cnty. Sch. Bd.*, No.: 3:25-cv-380-KHJ-MTP, 2025 WL 2098352, at *5 (S.D. Miss. July 25, 2025) (warning pro se plaintiff that using fabricated citations in court filings may result in stricken filings).

Second, the Court **recommends** that Plaintiffs be required to submit a detailed certification, in table format, with every paper they file in this Court from this point forward. In this certification, Plaintiffs must: (1) list each citation referenced in that filing, (2) certify that they confirmed the validity and existence of that citation, (3) certify that citation

10

supports the stated proposition or contains the articulated holding, and (4) identify where they obtained the cited legal authority. *Cf. Morgan*, 2024 WL 639860, at *5-6 (noting that citations to hallucinated cases warrant filing restrictions).

Third, the Court **recommends** that Plaintiffs be required to contact the Federal Pro Se Clinic to inquire about publicly available legal research databases and resources.

Plaintiffs are warned that if this litigation conduct continues, the Court will recommend their case be dismissed. A federal court is not a workshop for fictional writing. It is a forum that exists to uphold the law, administer justice, and resolve disputes based on the application of the facts to existing precedent. Courts demand honesty, and injections of nonexistent and improperly attributed authority into court filings vandalizes the very machinery of truth upon which this Court—and all courts—rely. Litigants depending on artificial intelligence without proper verification are engaging in a self-destructive strategy with implications well beyond sanctions: it leads to lack of credibility and reputational harm. Moreover, the implications of this conduct do not remain within the confines of the case in which it occurs; rather, it forces genuine litigants to wait longer for their case to be heard because a court must sort through the morass of fiction. Plaintiffs' behavior must be met with appropriate sanction.

### III. Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#41] is **MADE ABSOLUTE**.

IT IS **RECOMMENDED** that the following filings be **STRICKEN**:

- Plaintiffs' Verified Complaint [#4];

- Plaintiffs' Motion to Disqualify Defense Counsel [#12];

11

- Plaintiffs Motion to Remand [#13];

- Plaintiffs' Motion for Declaratory Judgment [#15];

- Plaintiffs' Response to Defendant Nest Home Lending, LLC's Motion to Dismiss [#21]; and

- Plaintiffs' Response to Defendants Rocket Mortgage LLC's Motion to Dismiss [#24]

IT IS FURTHER **RECOMMENDED** that Plaintiffs shall have **45 days from the date of this Order** to file an amended complaint. Once an amended complaint is filed, Plaintiffs may refile any of their motions—with citations to existing case law and with accurate summaries or holdings of those court decisions.

IT IS FURTHER **RECOMMENDED** that the following Motions be **DENIED as moot**:

- Defendant Nest Home Lending, LLC's Motion to Dismiss [#19]; and

- Defendants Rocket Mortgage, LLC and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss [#22]

IT IS FURTHER **RECOMMENDED** that Plaintiffs shall accompany **all** future filings with a detailed certification, in table format, that: (1) lists each cited authority, (2) certifies that Plaintiffs verified each citation's existence, (3) certifies that each citation supports the stated proposition or contains the articulated holding, and (4) identifies where Plaintiffs obtained the cited authority. Plaintiffs shall utilize Westlaw, Lexis/Nexis, HeinOnline, or other such database of legal authority, which may be available at a public library or other libraries such as the Colorado Supreme Court library (https://cscl.colibraries.org/services-supreme-court-library).

IT IS FURTHER **RECOMMENDED** that Plaintiffs shall contact the Federal Pro Se

Litigation Clinic to inquire about publicly available, legitimate resources for conducting legal research.

IT IS FURTHER **ORDERED** that pursuant to Federal Rule of Civil Procedure 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Federal Rule of Civil Procedure 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir.1996).

Dated: November 28, 2025              BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge